UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4931** |
| **BLAIR'S BAIL BOND** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was specifically referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(c)**. Rec. Doc. No. 10. Because the plaintiff is proceeding *in forma pauperis*, the Court as an initial matter shall conduct its statutorily mandated review for frivolousness pursuant to **28 U.S.C. § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Raymond Payton ("Payton"), is an inmate housed within the Orleans Parish Prison system in New Orleans, Louisiana.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendant, Blair's Bail Bonds, Inc., seeking injunctive relief and monetary compensation in the amount of $500,000.00.

---

[1] Rec. Doc. No. 1.

Under a broad reading, Payton alleges that his fiancé, Janet M. Weber, paid the defendant $1,800.00 to secure his release. However, after taking the money, the company reported to her that there was a detention hold placed against Payton preventing his release. The company refused to refund the money she paid for Payton's release. He further alleges that the defendant has a pattern of victimizing the public. He also claims that the defendants' actions amounted to cruel and unusual punishment and violated his Sixth Amendment rights.

The record also reflects that Payton has filed a Motion for Injunctive Relief (Rec. Doc. No. 5) to require the defendant to produce its prior business records and preventing the corporation from taking money from customers before advising them of outstanding parole holds.

## II.      **Standards of Review**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318, 326-27 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. No Proper Defendant Named Under § 1983

Payton has named Blair's Bail Bond, Inc., as the only defendant. This private company, however, is not a state actor for purposes of liability under § 1983.

Under § 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Mich. Dept. of State Pol.*, 491 U.S. 58, 60 & n.1 (1989). To state a claim under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson,* 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks omitted). In keeping with this rule, neither a private company nor a private individual are generally considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors. . . ."); *Pleasant v. Caraway,* 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same).

In this case, the defendant is a private corporation alleged to have engaged in inappropriate business tactics and, in that capacity, is not a state actor for purposes of § 1983 liability. *See Lafayette v. Prince*, No. 12-122, 2013 WL 2637191, at * 2 (E.D. Tex. Jun. 11, 2013). Payton has not alleged a basis for liability under § 1983 where the defendant corporation was not assisted by law enforcement or otherwise conspiring with a state actor to take the bond money from his fiancé. *See Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996); *accord Ballard*, 413 F.3d at 518 (an exception for private actor liability can exist when "a private person is involved in a conspiracy or participates in joint activity with state actors.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights). He has failed to show a basis for § 1983 liability against this private entity.

Because the sole defendant, Blair's Bail Bonds, Inc., is not a state actor, he has not stated a constitutional violation or a deprivation of a federally protected right.[2] Because of this, Payton's Motion for Injunctive Relief (Rec. Doc. No. 5) is rendered moot. The Court notes also that the motion was meritless under Fed. R. Civ. P. 65 where Payton could not make the requisite showing of "a substantial threat of irreparable injury." *DSC Commc'ns Corp. v. OGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Injuries are irreparable only when they "cannot be undone through

---

[2]Affording his petition the broadest of readings, Payton has not presented any other basis for this Court to exercise jurisdiction in this case as required under Fed. R. Civ. P. Rule 8. He has not invoked any other basis for original subject matter jurisdiction under 28 U.S.C. § 1331, and he has not alleged facts establishing a basis for the court to exercise its diversity jurisdiction under 28 U.S.C. § 1332.

monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008). That would not have been the case here.

Having failed to name a proper defendant or alleged a basis for relief under § 1983, Payton's claims against the defendant are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e).[3]

### IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Payton's Motion for Injunctive Relief (Rec. Doc. No. 5) be **DENIED**.

It is further **RECOMMENDED** that Payton's § 1983 complaint against Blair's Bail Bonds, Inc., be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 23rd day of October, 2013.

                                      **KAREN WELLS ROBY**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[3] Because this case does not involve government officials or prison conditions, the standards and grounds for dismissal under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e are not relevant.

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.